UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————————

LONGYAN JUNKAI INFORMATION
TECHNOLOGY CO., LTD.,

     Petitioner,

     - against -

AMAZON.COM SERVICES LLC., ET AL.,

     Respondents.

————————————————————————————————

23-cv-4869 (JGK)

MEMORANDUM OPINION AND
ORDER

JOHN G. KOELTL, District Judge:

The petitioner ("Longyan") demanded over $450,000 from the respondents before an arbitrator of the International Centre for Dispute Resolution ("ICDR"). See Pet. to Vacate Arbitration Award ¶ 20, ECF No. 1-3 (the "Petition" or "Pet."). The arbitrator denied all of the petitioner's claims. See Final Award 16, ECF 1-9 (the "Award"). The petitioners then petitioned the New York State Supreme Court to vacate the Award because it was "irrational," was in "manifest disregard of the law," and "violat[ed] public policy . . . [,]" Pet. ¶ 26, and the respondents (together, "Amazon") removed the action to this Court based on federal question jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention" or "Convention") and diversity of citizenship jurisdiction, Not. of Removal, ECF No. 1 (citing 9 U.S.C. § 203, 28 U.S.C. §§ 1331, 1332).

The petitioner now moves to remand this action to state court for lack of subject matter jurisdiction. Mot. to Remand, ECF No. 8. The parties also cross-move to confirm and to vacate the Award, in the event that there is subject matter jurisdiction. See Pet.; Resp'ts' Cross-Mot. to Confirm the Award, ECF No. 15.

For the following reasons, the petitioner's motion to remand is **denied**, the petitioner's motion to vacate the Award is **denied**, and the respondents' cross-motion to confirm the Award is **granted.**

### I.

The following facts, which are undisputed unless otherwise noted, are drawn principally from the Petition.[1]

Petitioner Longyan is a Chinese corporation with its principal place of business in China. Pet. ¶ 1. Longyan became a third-party seller on Amazon's North American marketplace in March 2017 and on Amazon's European marketplace in April 2017. Id. ¶ 15. In order to become a third-party seller, Longyan entered into the Amazon Services Business Solutions Agreement ("BSA"), which authorizes Amazon to terminate a third-party seller account and withhold sales proceeds in the event a seller

---

[1] The Court also draws from the evidentiary record where appropriate for the sole, limited purpose of "discerning whether a colorable basis exists for the [arbitrator]'s award so as to assure that the award cannot be said to be the result of the [arbitrator]'s manifest disregard of the law." Wallace v. Buttar, 378 F.3d 182, 193 (2d Cir. 2004).

engages in "deceptive, fraudulent, or illegal activity (including the sale of counterfeit goods)." See id.; BSA § 2, ECF No. 1-10.[2]

On January 5, 2021, and May 29, 2021, respectively, Amazon deactivated Longyan's North American and European accounts and froze Longyan's entire sales proceeds in each account. Pet. ¶¶ 16-17, 20. Amazon informed Longyan that its accounts had been deactivated because of the suspected sale of counterfeit goods. See Amazon's Deactivation Notice, ECF No. 1-20. The balance that Amazon withheld represented sales proceeds from the prior fourteen business days, which is in accordance with the BSA's standard remittance schedule. See BSA § S-5.

On May 18, 2022, Longyan filed a Demand for Arbitration with the International Centre for Dispute Resolution ("IDCR"), a division of the American Arbitration Association ("AAA"). See Pet. ¶ 23. Longyan alleged that Amazon had no contractual right to withhold the funds because (i) Amazon had no basis to

---

[2] Section 2 provides in part: "If we determine that your actions or performance may result in returns, chargebacks, claims, disputes, violations of our terms or policies, or other risks to Amazon or third parties, then we may in our sole discretion withhold any payments to you for as long as we determine any related risks to Amazon or third parties persist. For any amounts that we determine you owe us, we may (a) charge Your Credit Card or any other payment instrument you provide to us; (b) offset any amounts that are payable by you to us (in reimbursement or otherwise) against any payments we may make to you or amounts we may owe you; (c) invoice you for amounts due to us, in which case you will pay the invoiced amounts upon receipt; (d) reverse any credits to Your Bank Account; or (e) collect payment or reimbursement from you by any other lawful means. If we determine that your account—or any other account you have operated—has been used to engage in deceptive, fraudulent, or illegal activity (including the sale of counterfeit goods), or to repeatedly violate our Program Policies, then we may in our sole discretion permanently withhold any payments to you."

withhold Longyan's funds; (ii) the BSA is unconscionable; and
(iii) the contract remedy is invalid as a liquidated damages
clause and constitutes an unenforceable penalty clause. <u>See</u>
Final Award 3. The parties conducted document discovery and
depositions and submitted briefs, accompanied by documentary
evidence, to the arbitrator. Magliery Decl., Exs. B, H, I, ECF
Nos. 16-2, 16-8, 16-9.

The arbitrator issued the Award "based on submission of
documents and briefing," in lieu of an evidentiary hearing, as
agreed upon by the parties. Magliery Decl., Ex. H at 4. The
arbitrator rejected Longyan's breach of contract claim,
identifying several sources of evidence that formed the basis of
Amazon's decision to terminate Longyan's accounts and withhold
their funds. <u>See</u> Award 4-5, 10. The arbitrator relied on
customer complaints of counterfeit products, Longyan's failure
to show a legitimate supply chain to the original brand
manufacturer, and emails and deposition testimony from Longyan
representatives that certain products were counterfeit. <u>See</u> <u>id.</u>[3]

The arbitrator also denied Longyan's claims that the BSA is
procedurally and substantively unconscionable. <u>Id.</u> at 7-10.

---

[3] The arbitrator also considered whether Longyan's failure to respond to
Amazon's email request for an "in-person identity verification interview"
constituted a breach of a condition precedent under the contract, which would
be sufficient under the BSA to withhold funds. The arbitrator concluded that
Longyan's failure to respond did not constitute a breach of a condition
precedent. This holding did not affect the amount awarded. <u>See</u> Final Award 6-
7, ECF No. 1-9.

Applying Washington state law, the arbitrator found no evidence
to support Longyan's claim that the relevant language in the BSA
was hidden or that Amazon did not provide a reasonable
opportunity for Longyan to review and understand the terms. <u>Id.</u>
at 8. The arbitrator also concluded that, although the terms of
the BSA grant Amazon powerful rights, the contract is not so
unfair so as to be unconscionable under Washington state law.
<u>Id.</u> at 9.

Lastly, the arbitrator found that the contract remedy for a
violation of Section 2 is a valid liquidated damages clause and
does not constitute an unenforceable penalty clause. <u>See</u> <u>id.</u> at
10-13.

On May 12, 2023, Longyan petitioned the New York State
Supreme Court to vacate the Award, and on June 9, 2023, Amazon
removed the action to this Court based on federal question
jurisdiction under the New York Convention and diversity of
citizenship jurisdiction. Not. of Removal, ECF No. 1 (citing 9
U.S.C. § 203, 28 U.S.C. §§ 1331, 1332).

Longyan now moves to remand the action to state court for
lack of subject matter jurisdiction. ECF No. 8. The parties also
cross-petition to vacate and to confirm the Award. ECF No. 1-3;
ECF No. 15.

5

## II.

The first issue is whether to remand this action to the New York State Supreme Court. Amazon removed this action and opposes remand based on federal question jurisdiction under the New York Convention, as well as diversity of citizenship jurisdiction. See Resp'ts' Mem. of Law in Opp'n to Mot. to Remand, ECF No. 13. Longyan argues that this Court lacks federal question jurisdiction because the law applied at the arbitration was "entirely domestic" and thus, the New York Convention does not apply. See Mem. of Law in Support of Mot. to Remand, ECF No. 9.

A federal district court must remand a case that has been removed from state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ."[4] 28 U.S.C. § 1447(c). A district court has subject matter jurisdiction over a removed case "only if the case could have been originally filed in federal court." Hernandez v. Conriv Realty Assocs., 116 F.3d 35, 38 (2d Cir. 1997) (citing 28 U.S.C. § 1441(a)). In this case, the respondents, who assert jurisdiction in their notice of removal, bear the burden of establishing the Court's jurisdiction. See United Food & Com. Workers Union, Local 929 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).

---

[4] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

Sections 9 and 10 of the Federal Arbitration Act ("FAA") empower a federal court to confirm, or alternatively to vacate, an arbitration award. 9 U.S.C. § 9 (confirm); id. § 10 (vacate). However, this statutory authorization does not create federal subject matter jurisdiction. Badgerow v. Walters, 596 U.S. 1, 4 (2022). Rather, a court may consider cross-motions to vacate and confirm the Award only if there is an "independent jurisdictional basis to resolve the matter[,]" that is, if there is federal question jurisdiction or diversity of citizenship jurisdiction. Id. (quoting Hall St. Assocs. v. Mattel, Inc., 552 U.S. 576, 582 (2008)); see also 28 U.S.C. §§ 1331, 1332.

The New York Convention provides that actions "falling under the Convention shall be deemed to arise under the laws and treaties of the United States." 9 U.S.C. § 203. An action falls under the New York Convention if the arbitral award "ar[ose] out of a legal relationship, whether contractual or not, which is considered as commercial," and at least one party is a citizen of a foreign state, or the "relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states." 9 U.S.C. § 202. Courts have found that an award falls under the Convention if: (1) there is a written agreement; (2) the agreement provides for arbitration in the territory of a signatory of the convention; (3) the subject matter is

7

commercial; and (4) the subject matter is not entirely domestic
in scope. See Jiakeshu Tech. Ltd. v. Amazon.com Servs. LLC, No.
22-cv-10119, 2023 WL 4106275, at *2-3 (S.D.N.Y. June 21, 2023).
The Court of Appeals for the Second Circuit has held that an
arbitral award is not "entirely domestic in scope" if one or
more parties is a foreign citizen. See Yusuf Ahmed Alghanim &
Sons, W.L.L. v. Toys "R" Us, Inc., 126 F.3d 15, 19 (2d Cir.
1997) (considering the arbitral award "a non-domestic award and
thus within the scope of the Convention" where two parties were
foreign); see also Ecopetrol S.A. v. Offshore Expl. & Prod. LLC,
46 F. Supp. 3d 327, 335 (S.D.N.Y. 2014).

Longyan argues that the New York Convention does not apply
because the subject matter of the arbitration was entirely
domestic in scope. It contends that the award is entirely
domestic because the BSA is a domestic contract, the parties
conduct their business under Washington state law, the
arbitration was overseen by a United States institution (the
AAA) and an American arbitrator, and the arbitrator applied AAA
rules of procedure and Washington substantive law. See Mem. of
Law in Support of Mot. to Remand 11.

However, because Longyan is a foreign corporation, its
arguments fail. The Court of Appeals for the Second Circuit has
made clear that the New York Convention applies when one or more
parties is a foreign citizen. See Beijing Shougang Mining Inv.

Co. v. Mongolia, 11 F.4th 144, 159 (2d Cir. 2021), cert. denied, 142 S. Ct. 2889 (2022); Yusuf Ahmed Alghanim & Sons, 126 F.3d at 19. Longyan is a Chinese corporation whose principal place of business is in China. Therefore, this Court has federal subject matter jurisdiction under the New York Convention because the award does not arise out of a relationship "entirely between citizens of the United States." 9 U.S.C. § 202. No further basis to establish federal jurisdiction is required. Two other judges of this Court have recently agreed that there is federal subject matter jurisdiction under the New York Convention for petitions to vacate arbitration awards against a foreign petitioner because the petitioner was a foreign corporation and therefore the awards were not entirely between citizens of the United States. See Jiakeshu, 2023 WL 4106275, at *4; Shenzhen Lanteng Cyber Tech. Co. v. Amazon.com Servs., LLC, No. 23-cv-991, 2023 WL 6276691, at *5–6 (S.D.N.Y. Sept. 26, 2023). Accordingly, Longyan's motion to remand is **denied.**

### III.

Because there is subject matter jurisdiction, the Court will address Longyan's petition to vacate the Award and Amazon's cross-motion to confirm the Award. For the reasons that follow, the Award should be confirmed.

**A.**

A party seeking to vacate an arbitration award faces a formidable task. "To avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation, arbitral awards are subject to very limited review." Zurich Am. Ins. Co. v. Team Tankers A.S., 811 F.3d 584, 588 (2d Cir. 2016). "[T]he showing required to avoid summary confirmation of an arbitration award is high, and a party moving to vacate the award has the burden of proof." Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp., 103 F.3d 9, 12 (2d Cir. 1997); see also First Cap. Real Estate Invs., L.L.C. v. SDDCO Brokerage Advisors, LLC, 355 F. Supp. 3d 188, 193 (S.D.N.Y. 2019), aff'd 794 F. App'x 86 (2d Cir. 2019).

In a case arising under the New York Convention such as this one, "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in [Article V of the New York] Convention." 9 U.S.C. § 207. Article V of the Convention generally "provides the exclusive grounds for refusing confirmation under the Convention." Yusuf Ahmed Alghanim & Sons, 126 F.3d at 20 (citing Convention, art. V). Article V of the Convention provides that a court may refuse to enforce an arbitral award where:

(a) The parties to the agreement . . . were . . .
under some incapacity, or the said agreement is not
valid under the law . . . ; or
(b) The party against whom the award is invoked was
not given proper notice of the appointment of the
arbitrator or of the arbitration proceedings . . . ;
or
(c) The award deals with a difference not contemplated
by or not falling within the terms of the submission
to arbitration, or it contains decisions on matters
beyond the scope of the submission to arbitration . .
. ; or
(d) The composition of the arbitral authority or the
arbitral procedure was not in accordance with the
agreement of the parties . . . ; or
(e) The award has not yet become binding on the
parties, or has been set aside or suspended by a
competent authority of the country in which, or under
the law of which, that award was made.

Id. at 19. "Enforcement may also be refused if . . . recognition
or enforcement of the award would be contrary to the public
policy of the country in which enforcement or recognition is
sought." Id.

Moreover, the Court of Appeals for the Second Circuit has
held that Chapter 1 of the FAA and all of its grounds, express
and implied, for modification and vacatur apply under Article
V(1)(e) of the Convention where, as in this case, the award was
rendered in the United States or pursuant to United States law.
Id. at 21-23; see also Ecopetrol S.A., 46 F. Supp. 3d at 340
n.6. Under the FAA, "[a]rbitration awards are not reviewed for
errors made in law or fact." British Ins. Co. v. Water St. Ins.
Co., 93 F. Supp. 2d 506, 514 (S.D.N.Y. 2000). Arbitral awards
may only be vacated on "extremely limited" grounds. Id.

Section 10(a) of the FAA sets forth four specific grounds for vacating an arbitration award: (1) "corruption, fraud, or undue means" in the procurement of the award; (2) "evident partiality or corruption in the arbitrators"; (3) specified misconduct by the arbitrators; or (4) "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(1)-(4). Finally, there is the "judicially-created ground" that allows vacatur in the event that the arbitrators "exhibited a manifest disregard of law." Jock v. Sterling Jewelers Inc., 646 F.3d 113, 121 (2d Cir. 2011).

In this case, Longyan argues that the Award should be vacated because it (1) was irrational, (2) was in manifest disregard of the law, and (3) violated public policy. See Pet. ¶ 26.

**i.**

With respect to Longyan's allegation that the Award was "irrational," that is not a valid basis for vacating an arbitration award in this Circuit. See Dolan v. ARC Mech. Corp., No. 11-cv-09691, 2012 WL 4928908, at *4 (S.D.N.Y. Oct. 17, 2012)("[C]laim[ing] that . . . the Awards are completely irrational . . . is just another way of saying that [the party] does not like the arbitrator's decision. . . . The Second

Circuit has consistently accorded the narrowest of readings to
Section 10(a)(4) permitting vacatur where the arbitrator has
exceeded his powers."). Moreover, asserting that an award is
"irrational" is essentially the equivalent of asserting
"manifest disregard of the law." Cf. Elwell v. Raymond James
Fin. Servs., Inc., No. 22-cv-10125, 2023 WL 5186275, at *3, *8
(S.D.N.Y. Aug. 10, 2023) (applying the manifest disregard of the
law standard to a claim that an arbitral award was irrational).
In any event, the Award was not "irrational."

## ii.

Longyan also argues that the arbitrator exhibited a
manifest disregard of law. "A litigant seeking to vacate an
arbitration award based on an alleged manifest disregard of the
law bears a heavy burden, as awards are vacated on grounds of
manifest disregard only in those exceedingly rare instances
where some egregious impropriety on the part of the arbitrator
is apparent." T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.,
592 F.3d 329, 339 (2d Cir. 2010). That impropriety requires
"more than error or misunderstanding with respect to the law, or
an arguable difference regarding the meaning or applicability of
laws urged upon an arbitrator." Id. (collecting cases). Rather,
arbitrators act in manifest disregard of the law only if they
"knew of the relevant legal principle, appreciated that this
principle controlled the outcome of the disputed issue, and

nonetheless willfully flouted the governing law by refusing to apply it." Seneca Nation of Indians v. New York, 988 F.3d 618, 626 (2d Cir. 2021).

This is not one of the "exceedingly rare instances" where an arbitrator acted in manifest disregard of the law. T.Co Metals, 592 F.3d at 339. Longyan argues that the arbitrator disregarded the law relating to whether withholding payments was an impermissible liquidated damages provision because Section 2 of the BSA cannot possibly pass the "reasonable forecast" test under Washington law. Pet. ¶¶ 26, 29. However, the arbitrator plainly applied the law and reasonably concluded that Section 2 was not an impermissible liquidated damages provision. In particular, the arbitrator discussed relevant caselaw, applied the cases to BSA Section 2, and addressed Longyan's arguments and the need for Amazon to create a damages provision to accommodate the large volume of sellers on its platform. See Final Award 10-13. In other words, the arbitrator did not "kn[o]w of the relevant legal principle, appreciate[] that this principle controlled the outcome of the disputed issue, and nonetheless willfully flout[] the governing law by refusing to apply it." Seneca Nation, 988 F.3d at 626. Rather, the arbitrator found clear evidence of "deceitful, if not fraudulent" sales by Longyan, including "direct admissions made by [Longyan] . . . as well as . . . its president[,]" Longyan's

"spreadsheets of orders and deliveries [that] reference brand
names that Longyan acknowledges were not the brand products
being sold[,]" and "complaints of the sale of counterfeit
goods." Final Award 5, 10. Moreover, the arbitrator considered
how "any widespread failure by Amazon to control counterfeits
and other deceptive behavior would . . . have a significant
effect on its customer base and business." Id. at 9. This need
to prevent fraud, combined with "the unparalleled size and
complexity of the Amazon marketplace and the . . . millions[] of
sellers[,]" the arbitrator found, justified Section 2 of the
BSA. Id.

In essence, Longyan disagrees with the merits of the
arbitrator's decision. However, this Court does not review the
arbitrator's decision on the merits. An arbitral "award should
be enforced, [regardless of] a court's disagreement with it on
the merits, if there is a barely colorable justification for the
outcome reached." Sire Spirits, LLC v. Green, No. 21-cv-7343,
2022 WL 2003483, at *6 (S.D.N.Y. June 6, 2022) (emphasis in
original) (citing T.Co Metals, 592 F.3d at 339). The
arbitrator's decision presents ample justification for the
Award, far more than merely a colorable justification.

### iii.

Finally, Longyan seeks vacatur because, it argues, the
Award is against public policy.

The "public policy exception [of Article V(2)(B) of the Convention] is to be construed very narrowly and should be applied only where enforcement would violate our most basic notions of morality and justice." Europcar Italia, S.p.A. v. Maiellano Tours, Inc., 156 F.3d 310, 315 (2d Cir. 1998).

The Award does not run afoul of the public policy of any jurisdiction raised by the parties or basic notions of morality and justice. Amazon argues that New York public policy should govern and correctly argues that Longyan has not identified a law or well-defined public policy of the State of New York that the Award would violate. See Resp'ts' Cross-Mot. to Confirm the Award 15-17. Longyan argues that Washington public policy should be applied. See Mem. of Law in Support of Pet. 15-18, ECF No. 1-5. Longyan relies on a decision by an Arizona bankruptcy court finding that Section 8 of the BSA is likely to be declared invalid under Washington public policy. See id. at 15 (citing Shaffer v. Amazon Servs. (In re Potential Dynamix LLC), 2:11-bk-28944 (Bankr. D. Ariz. Feb. 15, 2021)). However, that decision is not binding on this Court. Furthermore, this case concerns an entirely different provision of the BSA, namely Section 2.

In short, the Award does not violate any public policy. Because Longyan has not provided any grounds to vacate the Award, and there is more than a colorable justification for the Award, Longyan's motion to vacate the Award is **denied.**

16

**B.**

Amazon cross-moves to confirm the Award. Pursuant to the New York Convention, this Court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the . . . Convention." 9 U.S.C. § 207. "Due to the parallel natures of a motion to vacate and a motion to confirm an arbitration award, denying the former implies granting the latter." First Cap. Real Est. Invs., 355 F. Supp. 3d at 196; see also L'Objet, LLC v. Samy D. Ltd., No. 11-cv-3856, 2011 WL 4528297, at *3 (S.D.N.Y. Sept. 29, 2011). As explained above, Longyan has not provided any grounds to vacate, modify, or correct the Award, and there is a colorable justification for the Award. Therefore, the respondents' cross-motion to confirm the Award is **granted**, and the Award is **confirmed**.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the petitioner's motion to remand is **denied,** the petitioner's motion to vacate the Award is **denied,** and the respondents' cross-motion to confirm the Award is **granted.** The Clerk is directed to enter judgment confirming the Award. The Clerk is also directed to close all pending motions and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         December 12, 2023

John G. Koeltl
United States District Judge